Cardillo & Corbett
Attorneys for Plaintiff
LION SHIPHOLDING S.A.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08  CV  0538

------------------------------------x
LION SHIPHOLDING S.A.,                      :
                                            :
                    Plaintiff,              :     **ECF**
                                            :     **VERIFIED COMPLAINT**
            -against-                       :
                                            :
BELARUSIAN SHIPPING COMPANY a/k/a           :
BELARUSSIAN SHIPPING COMPANY,               :
TRASER ALLIANCE LTD., RIMEX LIMITED,        :
DEKKER LIMITED, C/GT GROUP LIMITED,         :
and MALTO LTD.,                             :
                                            :
                    Defendants.             :
------------------------------------x

        Plaintiff, LION SHIPHOLDING S.A., ("Plaintiff"), by

and through its attorneys, Cardillo & Corbett, as and for its

Verified Complaint against the Defendants, BELARUSIAN SHIPPING

COMPANY a/k/a BELARUSSIAN SHIPPING COMPANY ("Belarusian"),

TRASER ALLIANCE LTD. ("Traser"), RIMEX LIMITED ("Rimex"), C/GT

GROUP LIMITED ("C/GT Group"), DEKKER LIMITED ("Dekker") and

MALTO LTD. ("Malto") alleges, upon information and belief as

follows:

                          JURISDICTION

        1.    This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and 28 United States Code § 1333.

THE PARTIES

       2.    At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with a registered address at 80 Broad Street, Monrovia, Liberia.

       3.    At all times material to this action, Belarusian was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 220005, 3-408 V.Khoruzhey Str. Minsk, Republic of Belarus.  Upon information and belief, Belarusian is also known as Belarussian Shipping Company.

       4.    At all times material to this action, Traser was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Marina Towers, Suite 302, Newtown Barracks, Belize City, Belize.

       5.    At all times material to this action, Rimex was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen St., Auckland, New Zealand.

       6.    At all times material to this action, C/GT Group was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an

2

address at Level 5, 369 Queen St., Auckland, New Zealand.

7.   At all times material to this action, Dekker was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen St., Auckland, New Zealand.

8.   At all times material to this action, Malto was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at c/o Simonidou and Protagora, P.O. Box 21737, 1512 Nicosia, Cyprus.

<u>BELARUSIAN'S BREACH OF CONTRACT</u>

9.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-8 of this Complaint as if set forth at length herein.

10.  By a time charter party dated October 5, 2007, Plaintiff, as disponent owner, let and Belarusian, as Charterer, chartered the M/V ALFIE (the "Vessel") to Belarusian, as Charterer, for a term of about 60/80 days (the "Charter Party").

11.  Plaintiff delivered the Vessel to Belarusian pursuant to the terms of the Charter Party on October 19, 2007.

12.  The Vessel performed under the Charter Party, and Belarusian redelivered the Vessel to Plaintiff on January

3

2, 2008.

13.   On December 28, 2007, Belarusian asked for confirmation from Plaintiff that there was a balance of hire due in the amount $570,130.10 to cover the period through January 2, 2008.  On December 31, 2007, Plaintiff confirmed that the amount of $570,130.10 was due and asked for remittance of the hire payment.

14.   Belarusian has failed and refused to pay the outstanding balance of hire due in the amount of $570,130.10

LONDON ARBITRATION

15.   The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London.  English law is applicable to the Charter Party.

16.   Plaintiff reserves the right to demand arbitration from Belarusian pursuant to the terms of the Charter Party.

17.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law.  As best as can now be estimated, the following amounts can be expected to be recovered in the action.

A.   On the principal claims:          $570,130.10

B.   Interest for 2 years at 8.5%        96,922.12

C.    Arbitration fees and
      attorneys' fees:                        80,000.00

TOTAL:                                      $747,052.22

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANTS, TRASER, RIMEX, C/GT GROUP, DEKKER AND MALTO

18.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 of this Complaint as if set forth at length herein.

19.    The payments of hire due from Belarusian to Plaintiff during the term of the Charter Party were not made by Belarusian.  Instead they were made in turn by Defendants, Traser, Rimex, C/GT Group, Dekker and Malto.

20.    At all material times there existed such unity of ownership and interest among Belarusian, Traser, Rimex, C/GT Group, Dekker and Malto that no separation exists between them, and Traser, Rimex, C/GT Group, Dekker and Malto are the alter egos of Belarusian in that: (a) Belarusian makes charter hire payments through the instrumentality, front and conduit of Traser, Rimex, C/GT Group, Dekker and Malto; and (b) Belarusian, Traser, Rimex, C/GT Group, Dekker and Malto do not deal with each other at arms length, in that Belarusian performs transportation services for Traser, Rimex, C/GT Group, Dekker and Malto without consideration.

21.    By reason of the foregoing conduct of Belarusian, Traser, Rimex, C/GT Group, Dekker and Malto,

Plaintiff has sustained damages as described above.

AS AND FOR PLAINTIFF'S SECOND CAUSE<br>
OF ACTION AGAINST DEFENDANTS, TRASER,<br>
<u>RIMEX, C/GT GROUP, DEKKER AND MALTO</u>

22.   Plaintiff repeats and realleges each and every allegation in paragraphs 1-21 of this Complaint as if set forth at length hereinafter.

23.   The role of Belarusian is to obtain transportation from third parties-in this case the Plaintiff-to service the business of Traser, Rimex, C/GT Group, Dekker and Malto.

24.   Although not disclosed to Plaintiff, Belarusian did not act as a principal in securing the Charter Party, and thereby obtaining the needed transportation service for the business of Traser, Rimex, C/GT Group, Dekker and Malto, but acted as agent for Traser, Rimex, C/GT Group, Dekker and Malto in that regard.

25.   Belarusian did not make the usual arms length sub-charter party contract with Traser, Rimex, C/GT Group, Dekker or Malto, nor receive the usual sub-freight payments from Traser, Rimex, C/GT Group, Dekker or Malto for providing the transportation services of the Vessel to Traser, Rimex, C/GT Group, Dekker or Malto, thereby confirming its role as the mere agent for Traser, Rimex, C/GT Group, Dekker and Malto.

26.   Although Belarusian appears on the Charter

Party as the charterer, i.e., as a principal, it acted as the agent of its undisclosed principals, Traser, Rimex, C/GT Group, Dekker and Malto.

27.   By reason of its role as undisclosed principal under the Charter Party, Traser, Rimex, C/GT Group, Dekker and Malto are fully liable to Plaintiff for the damages claimed herein.

<u>DEFENDANTS NOT FOUND WITHIN THE DISTRICT</u>

28.   Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendants.

29.   Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims

and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of
Defendants held by the aforesaid garnishees for the purpose
of obtaining personal jurisdiction over Defendants and to
secure Plaintiff's claims as described above.

      **WHEREFORE,** Plaintiff prays:

      A.    That process in due form of law issue against
Defendants citing them to appear and answer under oath all
and singular the matters alleged in the Complaint.

      B.    That since Defendants cannot be found within
this District pursuant to Rule B of the Supplemental Rules
for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of the Court to issue Process of
Maritime Attachment and Garnishment pursuant to Rule B of the
Supplemental Rules for Certain Admiralty and Maritime Claims
and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching all tangible or intangible
property in whatever form or any other funds held by any
garnishee, including, but not limited to, ABN Amro Bank NV,
American Express Bank, Bank of America, Bank of
Communications New York Branch, Bank of New York, Barclays
Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase,
Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which
are due and owing to Defendant, in the amount of $747,052.22
to secure Plaintiff's claims and that all persons claiming

any interest in the same be cited to appear and pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims answer the matters alleged in the Complaint.

      C.    That this Court retain jurisdiction over this

matter through the entry of any judgment or award associated

with any of the claims currently pending, or which may be

initiated in the future, including any appeal thereof; and

      D.    That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:    New York, New York
           January 22, 2008

```
                         CARDILLO & CORBETT
                         Attorneys for Plaintiff
                         LION SHIPHOLDING S.A.,

              By:    [signature]
                         Tulio R. Prieto (TP 8455)

                         Office and P.O. Address
                         29 Broadway, Suite 1710
                         New York, New York 10006
                         Tel: (212) 344-0464
                         Fax: (212) 797-1212
```

9

### ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____

Tulio R. Prieto

Sworn to this 22nd day
of January, 2008

_____

NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 201

11